528 A.2d 1015

Board of Pensions and Retirement, Appellant *v.* Barbara Ransom, Appellee.

Argued June 8, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, for appellant.

*Barbara J. Zarsky, Kirschner, Walters and Willig,* for appellee.

OPINION BY JUDGE CRAIG, July 14, 1987:

The Philadelphia Board of Pensions and Retirement appeals from an order of the Court of Common Pleas of Philadelphia County which reversed the board's decision and ordered the approval of service-connected disability benefits for the claimant, Barbara Ransom. We affirm.

The facts in this case are not in dispute. The claimant began her employment with the Philadelphia Department of Recreation in 1966. On June 21, 1981, while supervising activities at a playground, an unknown assailant shot the claimant in the left leg. After a period of recuperation, the claimant returned to active duty on August 30, 1981.

The department promoted the claimant to Recreation Leader III on September 7, 1981. However, the claimant had difficulty functioning as a recreation leader, and the department soon granted her an injured-on-duty leave of absence. A psychologist, Dr. Gerald Cooke, treated the claimant throughout her leave of absence from October, 1981 through all of 1982.[1] In January, 1983, the department returned the claimant to active duty as a facilities supervisor at a recreation center. However, after one month at that position, the claimant stopped working because of her inability to cope with the job.

Responding to the claimant's request, in April, 1983 the department reassigned her to the performing arts division. After four months at that position, the claimant again experienced difficulties and requested the department to reassign her. The department again assigned her to a position as a recreation supervisor, at which she worked for one week before going on sick leave.

The claimant appealed to the Civil Service Commission her assignment as a recreation supervisor. On February 22, 1984, the commission issued an order stating that the claimant could not "return to active duty as a

---

[1] Dr. Cooke, who began treating the claimant during her leave of absence in 1981, was still treating her at the time of her application for service-connected disability benefits with the board. Dr. Cooke's position before the board was that the claimant was disabled from the 1981 incident to the extent that she was incapable of performing her duties as a recreation supervisor.

Recreation Supervisor because of emotional difficulties which continue to manifest themselves in psychological disability." The commission further stated that the claimant required "a clearly structured job in order to offset continuing residual emotional disability which has regularly recurred since the June 21, 1981 trauma episode."

Responding to a request for clarification, the commission issued a further order stating that "all of the [claimant's] absences from work after June 21, 1981 to the date of her reinstatement to a non-playground position are related to her original injury and constitute compensable injured-on-duty time."

The department offered the claimant a non-playground position in March, 1984, which she refused. On May 8, 1985, the claimant terminated her employment with the department.

The claimant made a claim for service-connected disability benefits to the Philadelphia Board of Pensions and Retirement. On August 15, 1985, the board determined that "the medical panel advised its findings on December 12, 1984 that Barbara Ransom is not disabled and suffers no psychiatric disorder" and denied her service-connected disability benefits. The claimant appealed that decision to the court of common pleas, which ultimately reversed the board's decision, holding that substantial evidence did not support the board's findings.

This court's limited scope of review is to determine whether there has been a constitutional violation or an error of law and whether substantial evidence supports the board's findings. *Estate of McGovern v. Pennsylvania State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Hence, the sole focus of our review here is to determine whether substantial evidence supports the board's finding that the claimant is not disabled and suffers no psychiatric disorder.

A review of the board's order and the record reveals the following. After noting that the Civil Service Commission determined that the claimant was disabled and was unable to return to work in a playground or recreation area situation, and that the recreation commissioner stated on January 8, 1985 that he believed that the claimant's disability was the result of the performance of her duties, the board then indicated that it was basing its determination of nondisability on the medical panel's "findings on December 12, 1984." However, as the claimant correctly asserts, the record lacks any medical panel findings dated December 12, 1984.

The record does contain a letter from a medical panel member, Dr. Robert M. Toborowsky, dated December 4, 1984, addressed to Dr. Abney, co-chair of the medical panel, stating Dr. Toborowsky's opinion that the claimant was not then psychiatrically disabled. The only other evidence in the record to support the board's finding of nondisability are the 1983 recommendations of city compensation clinic doctors, to the effect that the claimant could then be returned to a non-playground job, which cannot be conclusive in view of the point that pension entitlement turns upon incapacitation from the employee's particular "position,"[2] which had been that of recreation leader.

---

[2] The claimant applied for service-connected disability benefits under section 206.1 of the Municipal Retirement Ordinance which provides:

Upon written application, any employee found by the Board to be permanently incapacitated from the further performance of duty, which incapacity resulted solely from the performance of the duties of his position, and was not caused by the employee's own wrongful conduct, shall be retired; Provided that:

a) the Board shall find that the employee is mentally or physically totally incapacitated from the further performance of the duties of his position and

The only record element resembling any medical panel findings is found at R.77a, a "Medical Report on Application for Retirement Benefits under Service Connected Disability," signed by Dr. Abney and containing the following cryptic conclusion: "[N]o psychiatric disorder." However, that report—apparently the only one submitted by a panel chairman—could not constitute the required medical findings because it was dated October 18, 1984, which was four days *before* Dr. Abney's letter of October 22, by which he referred Ms. Ransom to Dr. Toborowsky for examination.

Accordingly, because the record lacks substantial evidence of medical panel findings as a basis for the board's decision, we must affirm the determination of Judge DiBona that substantial evidence does not support the board's finding of nondisability, and that "other record evidence clearly indicates [the claimant's] inability to function as a Recreation Leader and the continued pattern of the Department's failure to accommodate [the claimant's] disability, which arose from the shooting of June 21, 1981."

## ORDER

Now, July 14, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 1160 October Term, 1985, dated February 26, 1986, is affirmed.

---

b) that such disability is likely to be permanent, and

c) that such disability existed while the employee was in the employment of the City, and

d) that application for such retirement is filed in one (1) year after separation from employment with the city.